**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MARQUE JACQUES HARDEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:22-cv-00401-MTT-CHW** |
| | : | |
| **COMMISSIONER OF** | : | **Social Security Appeal** |
| **SOCIAL SECURITY** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's second motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; (Doc. 24).[1] The Commissioner has not objected to Plaintiff's motion.

Plaintiff requests attorney's fees for David B. Goetz in the amount of $6,273.17 for 26.7 hours of attorney work and for Edward B. Claxton III in the amount of $939.80 for 4.0 hours of attorney work. (Doc. 24). Plaintiff's fee calculations appear to comport with the Court's formula established in *Hartage v. Astrue*, No. 4:09-cv-48, 2011 WL 1123401 (M.D. Ga. 2011). It is **RECOMMENDED** that the motion (Doc. 24) be **GRANTED** and that Plaintiff be awarded **$6,273.17** and **$939.80** in attorney's fees. This award should be made payable to Plaintiff directly. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the presiding District Judge **WITHIN FOURTEEN (14) DAYS**

---

[1] Plaintiff also filed an earlier motion for attorney's fees. (Doc. 23). The previous motion relates to the same attorneys and outlines substantially similar billable hours, with minor differences. Accordingly, the Court has interpreted the present motion as an amended motion for attorney's fees. (Doc. 24). The previous motion (Doc. 23) is moot and should be administratively terminated.

after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 5th day of December, 2023.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge